USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE ROOSEVELT BROWN, JR.

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

19-CV-4935 (VEC) (KNF)

ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Theodore Roosevelt Brown, Jr. brings this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act ("the Act") and 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the denial of his application for Supplemental Security Income ("SSI"). Compl. (Dkt. 1). The parties have cross-moved for judgment on the pleadings. (Dkts. 17, 21). On June 23, 2020, Magistrate Judge Fox issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion be granted, that the Commissioner's motion be denied, and that the case be remanded for further proceedings. (Dkt. 21). Neither party filed objections. For the following reasons, Plaintiff's motion is GRANTED, Defendant's cross-motion is DENIED, and the case is REMANDED for further proceedings consistent with Judge Fox's R&R.

## DISCUSSION

In reviewing final decisions of the Social Security Administration ("SSA"), courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of Judge Fox's R&R reveals that there is no clear error in its conclusions. As the R&R explains, the Administrative Law Judge violated the treating physician rule when he discounted Plaintiff's treating psychiatrist's evaluation of Plaintiff's mental health in favor of a non-treating non-specialist's report merely because the psychiatrist's report was in a "check off" format; the ALJ otherwise provided only a conclusory explanation for giving the report no weight.  R&R at 12–16.  Accordingly, the Court adopts the R&R in full.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED.  Defendant's cross-motion for judgment on the pleadings is DENIED.  This case is REMANDED for further proceedings consistent with Judge Fox's Report and Recommendation. Because the R&R gave the parties adequate warning, *see* R&R at 16, Defendant's failure to file

adequate objections to the R&R precludes appellate review of this decision.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is directed to terminate all open motions and close this case.

**SO ORDERED.**

                                                                                      _____

**Date:  July 10, 2020**                                              **VALERIE CAPRONI**
      **New York, NY**                                            **United States District Judge**